## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GOD, FAMILY & COUNTRY LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | Judge: Jeanne E. Scott |
| | ) | |
| v. | ) | Magistrate Judge: Byron G. Cudmore |
| | ) | |
| MARCREST MANUFACTURING, INC., | ) | Case No.: 3:08-cv-03140 |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT MARCREST MANUFACTURING, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

For the reasons stated in the accompanying Memorandum, this Court should dismiss this action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). In the alternative, this Court should transfer venue pursuant to 28 U.S.C. § 1404(a) to the Eastern District of Michigan.

August 20, 2008

/s/ Gordon W. Gates
Gordon W. Gates
GATES, WISE & SCHLOSSER, P.C.
1231 S. 8th St.
Springfield, IL 62703
Phone: (217) 522-9010
Fax: (217) 522-9020
E-mail: gordon@gwspc.com

**PROOF OF SERVICE**

The undersigned certifies that on August 20, 2008, the foregoing instrument was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**John S Letchinger**
**WILDMAN HARROLD ALLEN & DIXON LLP**
**225 W Wacker Dr**
**Suite 2800**
**Chicago , IL 60606-1229**

**Stephen R Kaufmann**
**HEPLER BROOM MACDONALD HEBRANK TRUE & NOCE LLC**
**Suite 100**
**400 S Ninth Street**
**Springfield , IL 62701**

**Thomas E Hill**
**WILDMAN HARROLD ALLEN & DIXON LLP**
**225 W Wacker Dr**
**Suite 3000**
**Chicago , IL 60606-1229**

**William F Ward**
**WILDMAN HARROLD ALLEN & DIXON LLC**
**29th Floor**
**225 West Wacker Drive**
**Chicago , IL 60606-1229**

_/s/ Gordon W. Gates_____

Gordon W. Gates (#6192861)
*GATES, WISE & SCHLOSSER, P.C.*
1231 South Eighth Street
Springfield, IL 62703
*Telephone: (217) 522.9010*
*Facsimile: (217) 522.9020*

2

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GOD, FAMILY & COUNTRY LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | Judge: Jeanne E. Scott |
| | ) | |
| v. | ) | Magistrate Judge: Byron G. Cudmore |
| | ) | |
| MARCREST MANUFACTURING, INC., | ) | Case No.: 3:08-cv-03140 |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT MARCREST MANUFACTURING, INC.'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## I. INTRODUCTION

This is a patent infringement case. The Plaintiff, God, Family & Country LLC ("GFC")
has brought suit against the Defendant, Marcrest Manufacturing, Inc. ("Marcrest") for alleged
patent infringement in the State of Illinois. GFC and Marcrest both manufacture and sell hay
bale stacking machines. In its Complaint, GFC alleges, "The defendant transacts business in this
judicial district and has committed acts of infringement in this judicial district by selling or
offering for sale in Illinois hay bale stacking machines under the name 'Bale Baron' which are
believed to infringe at least one of the claims of each of the '563, '738 and '266 Patents." This
is completely untrue, and GFC had no reasonable basis for this assertion in its Complaint.
Further, when counsel for Marcrest requested GFC to concur in this motion and offered to accept
jurisdiction in Michigan, GFC refused. Therefore, this Court should dismiss this action or
alternatively transfer this action to the Eastern District of Michigan.

## II.    SUMMARY OF FACTS

### MARCREST HAS NO CONTACT WITH ILLINOIS

As explained in the Declaration of Mark Horst, president of Marcrest (Exhibit A), Marcrest has no contacts with the State of Illinois.  Marcrest's business activities have been primarily directed to Canadian customers, although there have been a handful of sales of the Bale Baron to United States customers.  (Exhibit A, paragraph 5).  Marcrest has no employees, salesman, agents, or customers in Illinois.  Marcrest owns no property in Illinois, and is not licensed to do business in Illinois.  (Exhibit A, paragraph 6).  Marcrest has had not contacted any residents of the State of Illinois or directed advertising toward the State of Illinois.  (Exhibit A, paragraph 6).  In particular:

- Marcrest has not sent correspondence to or engaged in business travel to Illinois.

- Marcrest has never maintained an office, phone number or point of contact in Illinois.

- Marcrest does not have any agents or licensees in Illinois.

- Marcrest does not pay Illinois taxes and derives no income from Illinois.

- Marcrest has never made a product sale or other transaction in Illinois or with an Illinois resident. (Exhibit A, paragraph 7).

- Marcrest has never offered a Bale Baron or any product for sale in Illinois or to an Illinois resident. (Exhibit A, paragraph 7).

### III.  ANALYSIS

Marcrest's contacts within Illinois do not rise to the "continuous and systematic" level that is required for general jurisdiction. *Helicopteros Nacionales de Colombia S.A. v Hall,* 466 U.S. 408, 414-16, 104 S.Ct. 1886, 80 L.Ed.2d 404 (1984). Further, specific jurisdiction is not proper as Marcrest has not purposefully established "minimum contacts" with Illinois sufficient to justify the exercise of jurisdiction. *Red Wing Shoe Company, Inc. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355, 1359 (Fed. Cir. 1998).

### A.  GFC  CANNOT  ESTABLISH PERSONAL JURISDICTION OVER MARCREST IN ILLINOIS.

A federal court sitting in Illinois has personal jurisdiction over a nonresident defendant only if an Illinois court would have jurisdiction. *RAR, Inc v Turner Diesel, Ltd 107 F.3d 1272, 1275.* (7th Circuit 1997) Illinois authorizes jurisdiction to the extent "permitted by the Illinois Constitution and the Constitution of the United States." Therefore the analysis of jurisdiction collapses "into two constitutional inquires—one state and one federal". *RAR Inc,* 107 F.3d at 1276.

The due process clause requires first the establishment of "minimum contacts" in the forum state "such that [it] should reasonably anticipate being haled into court there." *Red Wing Shoe,* 148 F.3d at 1359. If so, the district court must secondly determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." *Red Wing Shoe* 148 F.3d at 1359. This later analysis may establish a "compelling case" that would render personal jurisdiction unreasonable even though "minimum contacts" are present. *Red Wing Shoe,* 148 F.3d at 1359. Only purposeful contacts with the forum state may be used to establish personal

- 3 -

jurisdiction. *Red Wing Shoe*, 148 F.3d at 1359.

1.    **GFC cannot establish general jurisdiction over Marcrest.**

General jurisdiction is based upon the relationship that the defendant has with the forum state independent of the lawsuit.  General jurisdiction arises when the nonresident defendant has "continuous and systematic general business contacts" with the forum state. *RAR Inc., 107 F.3d at 1277.*

This is a very high standard requiring a great amount of contact.  In this case there can be no general jurisdiction.  Marcrest has not and does not have any continuous and systematic contacts with Illinois.  (Exhibit A)  Marcrest does not have any property, employees, salesman, agents, or customers in Illinois.  (Exhibit A) Accordingly, Marcrest does not have sufficient contacts with Illinois to warrant the exercise of jurisdiction based on general contacts with the state of Illinois.

2.    **GFC cannot establish specific jurisdiction over Marcrest that satisfies the "Due Process Clause" of the United States Constitution.**

Specific jurisdiction is jurisdiction resulting from and "arising out of or related to the defendant's contacts with the forum". *RAR Inc,* 107 F.3d at 1277.  In specific jurisdiction cases, the court must decide whether a defendant has "'purposefully established minimum contacts within the forum State" and consider whether, by traditional standards, those contacts make personal jurisdiction reasonable and fair under the circumstances." *RAR Inc*, 107 F.3d at 1277.

GFC's claims all "arise" out of actions outside of Illinois.  The Federal Circuit has stated that the location of injury for alleged patent infringement is the place of the alleged infringement. *Beverly Hills Fan Company v Royal Sovereign Corp.* 21 F.3d 1558, at 1571, (Fed Circuit 1994).  In this case, any alleged infringement could only have happened in places where

- 4 -

Marcrest sold or offered for sale hale bale stacking machines.  Marcrest has not sold any machines to customers in Illinois.  (Exhibit A).  Marcrest has not even contacted Illinois citizens.  (Exhibit A).  Accordingly, no action with regard to the alleged infringement can be said to have arisen, occurred or been directed toward Illinois.

The Supreme Court in *Burger King Corp. v Rudzewicz* 471 U.S. 462, 105 S.Ct. 2174. 85 L.Ed.2d 528 (1985) listed several factors to be considered when examining whether jurisdiction comports with fair play and substantial justice including the burden on defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest in the several States in further fundamental substantive social policies. *Burger King* 471 U.S. at 477, 105 S.Ct 2174.

## B.    THIS COURT SHOULD DISMISS THIS ACTION OR IN THE ALTERNATIVE TRANSFER VENUE

For the above reasons, Marcrest is not subject to general personal jurisdiction or specific jurisdiction in the State of Illinois.  Therefore, this action should be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)..

Alternatively, 28 U.S.C. §1404(a) empowers this Court to transfer this action to any district or division were it might have been brought. 28 U.S.C. §1404(a).  Such a transfer is appropriate when the moving party demonstrates that: 1) venue is proper in both the transferor and transferee courts; 2) transfer is for the convenience of the parties and witnesses; and 3) transfer is in the interests of justice. *International Truck and Engine Corporation v. Dow-Hammond Trucks Co.*, 221 F.Supp.2d 898, 904 (N.D. Ill 2002) (citing *Coffey v Van Dorn Iron Works* 796 F.2d. 217, 219 (7th Cir. 1986).

- 5 -

Further, much of the evidence and potential fact witnesses are present in Ontario, Canada.  Ontario is readily accessible from Detroit through a tunnel and bridge.  Accordingly, Canadian fact witnesses are more likely to voluntarily submit to an appearance in a Detroit area Court where they can return home that evening, than to board a plane for an extended stay in the non-border state of Illinois.

## IV.   CONCLUSION

For the foregoing reasons, this Court should dismiss this action.   In the alternative, this Court should transfer venue pursuant to 28 U.S.C. § 1404(a) to the Eastern District of Michigan.

August 20, 2008                          /s/   Gordon W. Gates
                                         Gordon W. Gates
                                         GATES, WISE & SCHLOSSER, P.C.
                                         1231 S. 8th St.
                                         Springfield, IL 62703
                                         Phone:  (217) 522-9010
                                         Fax:  (217) 522-9020
                                         E-mail:  gordon@gwspc.com

**PROOF OF SERVICE**

The undersigned certifies that on August 20, 2008, the foregoing instrument was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

John S Letchinger
**WILDMAN HARROLD ALLEN & DIXON LLP**
**225 W Wacker Dr**
**Suite 2800**
**Chicago , IL 60606-1229**

Stephen R Kaufmann
**HEPLER BROOM MACDONALD HEBRANK TRUE & NOCE LLC**
**Suite 100**
**400 S Ninth Street**
·**Springfield , IL 62701**

Thomas E Hill
**WILDMAN HARROLD ALLEN & DIXON LLP**
**225 W Wacker Dr**
**Suite 3000**
**Chicago , IL 60606-1229**

William F Ward
**WILDMAN HARROLD ALLEN & DIXON LLC**
**29th Floor**
**225 West Wacker Drive**
**Chicago , IL 60606-1229**

/s/ Gordon W. Gates

Gordon W. Gates (#6192861)
*GATES, WISE & SCHLOSSER, P.C.*
1231 South Eighth Street
Springfield, IL 62703
*Telephone: (217) 522.9010*
*Facsimile: (217) 522.9020*

- 7 -

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GOD, FAMILY & COUNTRY LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | Judge: Jeanne E. Scott |
| | ) | |
| v. | ) | Magistrate Judge: Byron G. Cudmore |
| | ) | |
| MARCREST MANUFACTURING, INC., | ) | Case No.: 3:08-cv-03140 |
| | ) | |
| Defendant. | ) | JURY DEMAND |
| | ) | |

## DECLARATION OF MARK HORST

I, Mark Horst, declare and state:

1.)     I am over twenty-one years old and am fully competent to make this declaration. I make this declaration in support of the motion of Defendant Marcrest Manufacturing, Inc. ("Marcrest") to dismiss the Complaint. Except as indicated herein, the facts stated herein are based upon my own personal knowledge, and I would be competent to testify as to the truth of such facts if called upon to do so.

2.)     I am the President of Marcrest. Marcrest's principal office is located at 45010 Cardiff Road, R.R. #1, Ethel, Ontario, Canada N0G 1T0.

3.)     Marcrest's primary product is a hay-baling system known as the Bale Baron.

4.)     It is my understanding that the Bale Baron is accused of patent infringement in this matter.

5.)     Marcrest's business activities have been primarily directed to Canadian customers, although there have been a handful of sales of the Bale Baron to customers in the United States other than Illinois.

1

6.)    To the best of my knowledge, Marcrest has not directed any activity toward residents of the State of Illinois. Marcrest has not contacted any residents in the State of Illinois and has not directed any advertising toward the State of Illinois. Marcrest has no employees, salesman, agents, or customers in Illinois. Marcrest owns no property in Illinois, and is not licensed to do business in Illinois.

7.)    I reviewed Marcrest's business records, which confirms that Marcrest has had no contact with or relationship to the state of Illinois or any Illinois citizens or businesses. In particular:

- Marcrest has not sent correspondence to or engaged in business travel to Illinois.

- Marcrest has never maintained an office, phone number or point of contact in Illinois.

- Marcrest does not have any agents or licensees in Illinois.

- Marcrest does not pay Illinois taxes and derives no income from Illinois.

- Marcrest has never made a product sale or other transaction in Illinois or with an Illinois resident.

-Marcrest has never offered a Bale Baron or any other product for sale in Illinois or to an Illinois resident.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: August 19, 2008

Mark Horst
President, Marcrest Manufacturing, Inc.

2