IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GOD, FAMILY & COUNTRY LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARCREST MANUFACTURING, ) <br> INC., ) <br> ) <br> Defendant. ) | No. 08-3140 |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendant Marcrest Manufacturing, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (d/e 7) (Motion to Dismiss) and Defendant Marcrest Manufacturing, Inc.'s Motion for Relief to File Reply Brief (d/e 9) (Motion to File Reply). For the reasons stated below, both Motions are allowed.

FACTS

On June 24, 2008, Plaintiff God, Family & Country LLC (GFC) filed a Complaint for Patent Infringement (d/e 1) (Complaint) against Defendant Marcrest Manufacturing, Inc. (Marcrest). GFC alleges that it is an Illinois

1

company that owns three patents regarding hay bale stacking. GFC alleges that Marcrest, a Canadian corporation with its principal place of business in Ontario, Canada, manufactures and sells a hay bale stacking machine that infringes all three of its patents. GFC's Complaint also alleges that Marcrest "transacts business in this judicial district and has committed acts of infringement in this judicial district, by selling or offering for sale in Illinois hay bale stacking machines" that infringe the patents. Complaint, ¶ 5.

Marcrest, however, contends that it has not transacted business, sold hay bale stacking machines, or committed acts of infringement in this district. In fact, it contends that it has had no contact with Illinois. In support of its contention, Marcrest filed the Affidavit of Mark Horst, its President. Horst avers that Marcrest has no Illinois employees, salesmen, agents, customers, property, or offices, and never has made a sale in Illinois or directed advertising toward Illinois. Motion to Dismiss, attached Declaration of Mark Horst, at 2. Horst states there have been only "a handful of sales" of the hay bale stacking machines to customers in the entire United States. Id., at 1.

Marcrest has moved to dismiss this action for lack of personal jurisdiction. It argues that because it has no contact with Illinois, this Court

2

lacks personal jurisdiction over it. Alternatively, Marcrest asks the Court to transfer venue to the Eastern District of Michigan. It argues that witnesses could travel more easily from Ontario to the Eastern District of Michigan than from Ontario to this District. Moreover, it contends that by naming the Eastern District of Michigan, it is "consenting to personal jurisdiction there." <u>Motion to File Reply</u>, Exhibit A, <u>Defendant Marcrest Manufacturing, Inc.'s Reply in Support of Motion to Dismiss for Lack of Personal Jurisdiction</u>, at 2.[1]

## ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(2), if this Court lacks personal jurisdiction over Marcrest, it must dismiss the Complaint. "Personal jurisdiction determines, in part, where a plaintiff may hale a defendant into court." <u>Jennings v. AC Hydraulic A/S</u>, 383 F.3d 546, 548 (7th Cir. 2004). The rules governing personal jurisdiction depend on how the Court has subject matter jurisdiction. Here, the Court has federal question jurisdiction because GFC has alleged a violation of federal patent law. 28 U.S.C. § 1338(a); 28 U.S.C. § 1331.

---

[1] Because Marcrest made this key concession in a proposed Reply, the Court allows its Motion to File Reply.

In federal question cases, courts first must ask whether any state court in the country can exercise personal jurisdiction over the defendant. The answer determines whether Federal Rule of Civil Procedure 4(k)(1) or 4(k)(2) governs. Under Rule 4(k)(1), if the state courts in the state in which the district court sits could exercise personal jurisdiction over the defendant, then so can the district court. Janmark, Inc. v. Reidy, 132 F.3d 1200, 1201 (7th Cir. 1997). Alternatively, Rule 4(k)(1) also provides that if the state courts in the state in which the district court sits could not exercise personal jurisdiction, but some other state's courts could and the federal statute providing subject matter jurisdiction authorizes nationwide service of process, then the district court has personal jurisdiction. Id.

Here, Marcrest correctly asserts that the state courts of Illinois could not exercise personal jurisdiction over it. Because the Illinois long-arm statute authorizes jurisdiction on any basis permitted by the Illinois or federal constitutions, and because "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction," measuring personal jurisdiction in Illinois requires only a single inquiry. Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 715 (7th Cir. 2002); see also RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th

Cir. 1997). Courts must determine whether a non-resident defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 326 U.S. 310, 316 (1945). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).

Here, however, Marcrest has offered evidence that it has absolutely no contacts with Illinois. While GFC's Complaint alleges that Marcrest sold or offered for sale its hay bale stacking machines in Illinois, it has provided the Court no evidence to support its allegation; this lack of proof dooms its allegation. See Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003) (noting that when deciding a personal jurisdiction motion without a hearing, courts must accept all well-pleaded allegations in the complaint as true unless controverted by the opposing party's affidavits, and they must decide any conflicts in opposing affidavits in favor of the party asserting jurisdiction). Thus, the Court must conclude

5

that Marcrest has not purposefully availed itself of the privilege of conducting business in Illinois, and Illinois courts could not exercise jurisdiction over it.

Finding that Illinois courts could not exercise jurisdiction over Marcrest, the Court next considers the following question: could the courts of any other state?  In a roundabout way, Marcrest has agreed that Michigan's courts could.  Marcrest concedes that it has made "a handful of sales" to customers in the United States, but it does not identify in which states those customers were located.  Motion to Dismiss, attached Declaration of Mark Horst, at 1.  It argues, however, that if the Court finds jurisdiction, it should transfer venue to the Eastern District of Michigan for the convenience of Ontario witnesses.  Marcrest has not agreed that it truthfully is subject to personal jurisdiction in Michigan, but it argues that this question is irrelevant, because it consents to personal jurisdiction there.  Because personal jurisdiction -- unlike federal subject-matter jurisdiction -- is waivable, this concession suffices to establish personal jurisdiction in Michigan.  See ISI Int'l, Inc. v. Borden Ladner Gervais LLP, 256 F.3d 548, 552 (7th Cir. 2001).

Having found jurisdiction in at least one state, the Court next asks

whether the federal statute providing subject matter jurisdiction here authorizes nationwide service of process on the Defendant. Unfortunately for GFC, it does not. The patent infringement statute contains no general authorization for nationwide service of process. Fitzsimmons v. Barton, 589 F.2d 330, 333 n.2 (7th Cir. 1979); Lighthouse Carwash Sys., LLC v. Illuminator Bldg. Co., LLC, 2004 WL 2378844, at *2 n.4 (S.D. Ind. Aug. 31, 2004). Indeed, the only provision in the Patent Act dealing with service of process provides for nationwide service of process of a patentee, if the patentee's designated agent does not exist or cannot be found. Fitzsimmons, 589 F.2d at 333 n.2; see also 35 U.S.C. § 293. But here, the patentee is GFC, not Marcrest. Thus, this provision has no application here. This Court cannot exercise personal jurisdiction over Marcrest.

GFC contends that while Rule 4(k)(1) does not apply, the Court has personal jurisdiction under Rule 4(k)(2). However, GFC's analysis fails to account for Marcrest's explicit waiver of personal jurisdiction in Michigan. Added in 1993, Rule 4(k)(2) "responds to the Supreme Court's suggestion that the rules be extended to cover persons who do not reside in the United States, and have ample contacts with the nation as a whole, but whose contacts are so scattered among states that none of them would have

jurisdiction." ISI Int'l, Inc., 256 F.3d at 551. Under this rule:

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

Fed. R. Civ. P. 4(k)(2). Thus, in cases where no state court has jurisdiction over the defendant, but the defendant has sufficient contacts with the United States as a whole to satisfy due process, any federal district court may exercise personal jurisdiction over that defendant. At first glance, this seems to apply to Marcrest, which concedes sales in the United States but refuses to admit that any particular state could establish jurisdiction over it based on its activities in that state. Yet, a defendant who wants to avoid use of Rule 4(k)(2) need only name some state in which it agrees that it is subject to personal jurisdiction. ISI Int'l, Inc., 256 F.3d at 552. By waiving personal jurisdiction in Michigan, Marcrest has done so. Rule 4(k)(2) does not apply to vest personal jurisdiction in this Court.

This Court lacks personal jurisdiction over Marcrest. The Eastern District of Michigan could exercise jurisdiction over it, but without jurisdiction itself, this Court cannot transfer venue. See Chicago R.I. & P.R.

Co. v. Igoe, 212 F.2d 378, 379 n.1 (7th Cir. 1954) (noting that for a transfer of venue to be proper, venue must be proper in both the transferee and the transferor courts).

THEREFORE, Defendant Marcrest Manufacturing, Inc.'s Motion for Relief to File Reply Brief (d/e 9) and Defendant Marcrest Manufacturing, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (d/e 7) are ALLOWED. The Clerk of Court is directed to docket the proposed Reply attached as an Exhibit to the Motion to File Reply. This case is dismissed for lack of personal jurisdiction. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: February 24, 2009

    FOR THE COURT:

                                            s/ Jeanne E. Scott
                                            JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE